### *MATHURIN* vs *LIVAUDAIS.*

APPEAL from the court of probates of the parish and city of New Orleans.

A bequest to a master of a slave, of a sum of money in payment of the slave, is not a *fidei commissum.*

5ns303
48   161

5ns303
52   85

5NS   303
119   285

PORTER, J. delivered the opinion of the court.    The question presented for decision in this case arises under the will of a free man of colour, who, leaving one of his children a slave, made the following disposition of a part of his property :—

"*Comme mon fils Narcisse est encore esclave, et que je desire contribuer a lui assurer sa liberte, je donne et legue a son maitre, Mr. Charles Enoul Dugue Livaudais, une somme de six cents piastres, a la charge par lui de considerer ladite somme un acompte a valoir sur le prix qu'il pourra exiger de mon fils Narcisse, pour lui donner sa liberte en bonne forme.*"

"As my son Narcisse is yet a slave, and as I wish to contribute to his emancipation, I

give as a legacy, to his master Mr. Charles Enoul Dugue Livaudais, a sum of six hundred dollars, on the condition that the said sum is to be considered by him as so much on account of the price which he may demand from my son Narcisse, to give him his liberty in proper form."

This disposition *is* attacked by a son of the testator's and brother of the slave, who was to derive a benefit from the legacy, on the ground that it is a *fidei commissum,* and prohibited by law.

This is one of the harshest demands, and the most revolting to every principle of equity and justice that has, as yet, fallen under our consideration.

Nor do we think it supported by law. Our code, it is true, declares that substitutions and *fidei commissa* are abolished. But the object of this change in our jurisprudence was, as it is well known, to prevent property from being tied up for a length of time in the hands of individuals, and placed out of the reach of commerce. The framers of our code, certainly never contemplated to abolish naked trusts, uncoupled with an interest, which were to be executed immediately. If they had,

they would not have specially provided in a subsequent part of the work for testamentary executors, described their duties, and recognised the validity of their acts. The obligation imposed on the legatee by the will of the testator in this case, cannot be distinguished from that of an executor, except in the name; and it is the duty of the court to look to things, rather than to the words.

But the question does not require to be decided on this ground. By another provision of the code, it is declared that slaves cannot dispose of or receive by donation *inter vivos* or *mortis causa,* unless they have been previously and expressly enfranchised agreeably to law. *C. Code.* 208. *art* 5.

Being thus made incapable of receiving, this legacy cannot be considered as a *fidei commissum.* It is not a charge to one to receive for, and render to, another; because that other has not in the eye of the law a legal existence: until the slave is emancipated, he cannot demand the thing bequeathed.

It may be objected to this reasoning, that as the slave has a legal capacity to maintain an action for his freedom, he, of course, could have an action to enforce the application of the

money left to another to purchase his freedom. But this right to sue for freedom is an exception from the general rule, and far from supposing any legal capacity to own or receive property in the slave, the object of the suit is to acquire it.

By the Roman law, a bequest of the kind now before us, was considered as a *fidei commissum.* We must guard, however, against adopting and applying rules of that jurisprudence which were introduced for the purpose of giving effect to last wills and testaments to cases, where under new statutory provisions these rules would defeat the will of the testator. This distinction has been taken in France, in the construction of that article of the Napoleon code which abolishes substitutions : and the correctness and wisdom of it is placed beyond doubt by the decisions of their courts, and the able development given of the reasons for introducing such a distinction by their juris-consults, particularly Merlin & Toullier. The last mentioned author states that it is the spirit of their law, and of their jurisprudence, not to annul a testamentary disposition made under the code, except it *necessarily* presents a substitution,

Eastern Dis'ct
*January,* 1827

MATHURIN
*vs*
LIVAUDAIS.

*and cannot be supported and interpr eted in
any other manner. Nouveau Repertoire,
verbo substitution, fidei commissaire. Sect.
8. No. 7. Toullier, vol. 5. lib. 3. tit. 2. cap.
1. No. 10—50.*

For the balance in the hands of the execu-
tor, the plaintiff has no claim. The amount
is shewn to be less than the sum which Ro-
sette, one of the children deceased, is entitled
to by the will.

It is therefore ordered, adjudged and de-
creed, that the judgment of the court of
probates be affirmed with costs.

*Derbigny* for the defendant.